UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Mark Carrie,                          )
                                      )   C/A: No. 2:10-960-RMG
              Petitioner,             )
                                      )
v.                                    )
                                      )   ORDER
Warden John Owens,                    )
                                      )
              Respondent.             )
_____)

This is a *pro se* petition for a writ of habeas corpus filed pursuant to 42 U.S.C. § 2241. This case was automatically referred to the United States Magistrate Judge for all pre-trial proceedings pursuant to the provisions of 28 U.S.C. § 636(B) and Local Rule 73.02(B)(2), D.S.C. The Magistrate Judge has issued a Report and Recommendation that Respondent's Motion to Dismiss, or in the alternative, Motion for Summary Judgment be granted. (Dkt. Entry 23). Petitioner has not filed an objection to the Magistrate Judge's Report and Recommendation. As explained more fully herein, the Court agrees with the recommendation of the Magistrate Judge and grants Respondent's Motion for Summary Judgment.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings ore recommendations of the magistrate." 28 U.S.C. § 636(B)(1).

It is well settled that while the District Court has the duty to impose a sentence, the Bureau of Prisons ("BOP") has the authority to execute the sentence and compute the jail time. This authority of the BOP includes computing pre-sentence credits and determining the sentence termination date. *United States v. Wilson*, 503 U.S. 329, 333-335 (1992); 28 C.F.R. §0.96. Further, in calculating a prisoner's jail time, a "federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *Coloma v. Holder*, 445 F.3d 1282, 1284 (11th Cir. 2006).

## FACTUAL BACKGROUND

Petitioner, presently incarcerated at the Federal Correctional Institution Williamsburg, located in Salters, South Carolina, challenges by this writ of habeas corpus the calculation of his jail term arising from two separate federal guilty pleas. Petitioner was arrested by federal law enforcement officers on February 21, 2001 for possession of a weapon and fraud. He has been in continuous federal custody since that date. He was sentenced on November 20, 2002 by Judge Alan Gold of the United States District Court for the Southern District of Florida to a term of 168 months. (Dkt. Entry 1-2 at 2). In calculating Petitioner's jail time, the BOP gave him credit for the pre-trial period of incarceration from February 21, 2001 until the date of sentencing, November 20, 2002. Petitioner was subsequently sentenced on December 6, 2004 on various drug related charges by Judge Cecilia Altonaga, also of the Southern District of Florida, and was given a sentence of 384 months. The sentencing Court appears to have intended that Petitioner's second sentence would run concurrently with the first sentence and run from the time of his initial arrest on the weapons charge, February 21, 2001, and continue from that day forward. (Dkt. Entry 1-2 at 40, lines 20-22; 12-4 at 2).

The BOP calculated Petitioner's sentence in a way different than the sentencing judge had

anticipated. The BOP gave Petitioner credit for the period of incarceration from the initial arrest until the first federal sentencing (February 21, 2001 to November 20, 2002) but gave him no credit during the period following his first federal sentencing until the time he pled guilty and received his second sentencing (November 21, 2002 to December 6, 2004). The BOP calculation is based upon the well established principles that a sentence, even a concurrent sentence, cannot commence until the date it is imposed and pre-sentence credit is not given for time served on another sentence. *See*, *Shelvy v. Whitfield*, 718 F.2d 441, 444 (D.C. Cir. 1983).

Petitioner moved before the Court which imposed his second sentence for a reduced sentence, which included an argument that the BOP had not calculated Petitioner's sentence in accord with her intentions. By an order dated December 5, 2007, Judge Altonaga agreed and reduced Petitioner's second sentence from 384 months to 248 months. (Dkt. Entry 12-5). The Criminal Minutes from the proceeding specifically provide that a portion of that 136 month sentence reduction, 21 months, was "to account for [the Judge's] intentions at sentencing, but not instituted by BOP." (Dkt. Entry 12-6).

## DISCUSSION

The Petitioner contends that his second sentence should commence from the moment of his arrest and detention on his initial gun charge on February 21, 2001 and continue uninterrupted from that date forward, despite the fact that the second sentence was not pronounced until December 6, 2004. A federal sentence commences on the date of imposition of the sentence. *Coloma v. Holder*, 445 F.3d at 1285. A second federal sentence, intended to be concurrent with an earlier federal sentence, commences on the date the second sentence is pronounced. *Id.* at 1284. Thus, a second sentence imposed after an initial sentence will not run in a fully concurrent fashion as the first

sentence since they will not have the same start date. *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980); *Shelvy v. Whitfield*, 718 F.2d at 444.

Petitioner complains that the sentencing Judge intended his second sentence to commence and run completely concurrently with first sentence. When this did not occur, Petitioner appropriately moved before the sentencing Judge for a sentence reduction, noting that the BOP's calculation methods were different that what had been anticipated by the sentencing Judge. The sentencing judge then granted Petitioner's request for a sentence reduction, which included a 21 month decrease to address this very issue. (Dkt. Entry 12-5, 12-6). *See, Coloma v. Holder*, 445 F.3d at 1285.

## CONCLUSION

Based upon the foregoing, the Court **GRANTS** Respondent's Motion for Summary Judgment (Dkt. Entry 12).

Richard Mark Gergel
United States District Court Judge

January 24, 2011
Charleston, South Carolina.